UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

K. LEE,

                                                                                                          DECISION AND ORDER

                            Plaintiff,

                                                                                                         20-CV-1457DGL

                             v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

       Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #25). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award (Dkt. #25-3), plaintiff's counsel, William C. Bernhardi, seeks an award of $37,568.25 (25% of the award for past-due benefits), and will refund to plaintiff the amount previously awarded for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner takes no position on the merits of plaintiff's motion. (Dkt. #28).

       As set forth in greater detail below, the Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, the expertise of counsel, the results achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's attorney (Dkt. #25-6), and I find no evidence of undue delay, waste, or duplication of effort.

The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring legal representation for disability claimants in the future, and the lack of any factor suggesting that the requested award would result in a windfall. Further, the amount sought does not exceed the statutory 25% cap, and/or the 25% of awarded benefits to which counsel is entitled under plaintiff's fee agreement. *See* 42 U.S.C. §406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

With respect to whether the requested award would result in a windfall, the Court observes that the amount of attorney's fees that counsel stands to receive – $37,568.25 – results in a *de facto* hourly rate of $1,772.09 for 21.2 hours of attorney time. While this rate is somewhat above the range of fees that are typically approved,[1] I do not find that it is per se unreasonable, in light of the particular procedural history of this case, and the effectiveness of counsel's efforts, which brought about a favorable result with greater expediency than is typical. The 21.2 hours expended by counsel were chiefly spent reviewing the administrative record, and preparing and filing a motion for judgment on the pleadings. That motion was evidently so convincing that it moved the Commissioner to immediately offer to stipulate to remanding the case, rather than oppose the motion. The Court is mindful that "courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal," *Bass v. Kijakazi*, 2022 U.S. Dist. LEXIS 89705 at *13-*14 (W.D.N.Y. 2022), that "payment for an attorney in a social security case is inevitably uncertain," *Buckley v. Berryhill*, 2018 U.S. Dist. LEXIS 114863 at *4 (W.D.N.Y. 2018), and that "[i]t would be foolish to punish a firm for its efficiency and thereby encourage

---

[1] *See e.g., Fields v. Kijakazi*, 24 F.4th 845, 2022 U.S. App. LEXIS 2628 (2d Cir. 2022)(approving *de facto* rate of $1,556.98 as reasonable for New York City firm); *Georgette T. v. Comm'r of Soc. Sec.*, 2024 U.S. Dist. LEXIS 49566 at *10 (de facto rate of $1,225.88 is reasonable); *Ricciardi v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 90481 at *9 (W.D.N.Y. 2022)(approving de facto rate of $1,528.56) *Norma P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 113463 at *4 (de facto rate of $1,386.85 is reasonable); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014)(*de facto* rate of $1,308.79 is not unreasonable).

inefficiency," by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing "what other lawyers might reasonably have taken twice as much time to do." *Fields*, 2022 U.S. App. LEXIS 2628 at *17 (citing *Jeter v. Astrue*, 622 F.3d 271, 380-81 (5th Cir. 2010)).

Furthermore, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). To that end, the Second Circuit has cautioned against overreliance on a lodestar analysis of hourly rates in determining whether a requested fee would result in a windfall, holding that "[f]or a district court to find that the fee provided by a contingency fee agreement in [disability] cases is unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is *unearned* by counsel." *Fields*, 2022 U.S. App. LEXIS 2628 at *3, *21-*22 (emphasis added). *See also McDonald*, 2019 U.S. Dist. LEXIS 51643 at *4 (a "lodestar analysis may also be helpful in analyzing the windfall factor but the lodestar figure does not determine reasonableness").

"Among the factors to be considered [in considering whether a requested fee would be a windfall] are the ability and expertise of the lawyers and whether they were particularly efficient." *Fields*, 2022 U.S. App. LEXIS 2628 at *15-*16. The Court is persuaded, upon consideration of all of the factors relevant to determining reasonableness, that the fee requested here would not be a windfall, and was not in any way "unearned." In so finding, the Court takes note of counsel's experience in the field of Social Security disability law, the firm's investment of time and effort in this matter, and the fact that it was the quality of those efforts by counsel, and not mere happenstance or unexpected good fortune (the dictionary definition of a "windfall"), that brought about a speedy and favorable result.

The results obtained – a favorable decision and an award of past-due benefits, in the amount of $150,273.00 – likewise militate in favor of approving the requested fee. Notably, the Commissioner has raised no substantive objections. (Dkt. #28). For these reasons, I find, as the Second Circuit did in *Fields*, that "the fee requested [is] the product of efficient and effective representation, which drew upon [counsel's] substantial experience and expertise." *Id*., 2022 U.S. App. LEXIS 2628 at *21. The application is, accordingly, granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Dkt. #25) is granted, and plaintiff's counsel is awarded attorney's fees pursuant to 42 U.S.C. §406(b), in the amount of $37,568.25.

If plaintiff's counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so within ten (10) business days after receipt of the full amount of attorney's fees awarded pursuant to Section 406(b) herein.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 19, 2024.